UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MANUEL TIJERINO,** | **CIVIL ACTION NO.** |
| Plaintiff, | **2:24-cv-02290-ILRL-DPC** |
| v. | |
| **SPOTIFY USA INC.,** | **SECTION "B" (3)** |
| Defendant. | **JUDGE IVAN L.R. LEMELLE** |
| | **MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT** |

**<u>DEFENDANT SPOTIFY USA INC.'S MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS</u>**

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................................3

II.    ARGUMENT......................................................................................................................3

        A.    The Complaint Should be Dismissed for Improper Venue......................................3

                1.    Legal Standard ............................................................................................4

                2.    Spotify Does Not Reside in the Eastern District of Louisiana.....................4

                3.    Spotify Does Not Have a Regular and Established Place of Business in the Eastern District of Louisiana. ............................................5

                4.    The Court Should Dismiss the Complaint, or Transfer the Case to the Southern District of New York. ................................................6

        B.    The Complaint Should be Dismissed Because It Fails to Plausibly Plead Infringement.............................................................................................................6

                1.    Legal Standard ............................................................................................6

                2.    All Claims of the '925 Patent Require the Automatic Calculation Limitations. ................................................................................7

                3.    The Complaint Fails to Plausibly Allege that Spotify Performs the Automatic Calculation Limitations..............................................8

        C.    Plaintiff's *Pro Se* Status Does Not Excuse the Factual Deficiencies In the Complaint, Which Must Adhere to the Federal Pleading Requirements...............10

III.    CONCLUSION.................................................................................................................10

**I.      INTRODUCTION**

Defendant Spotify USA Inc. respectfully moves to dismiss Plaintiff Manuel Tijerino's Complaint for improper venue under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a), and for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

*First*, as a threshold matter, Plaintiff's complaint for patent infringement was filed in an improper venue because Spotify neither resides in this judicial district, nor maintains a regular and established place of business in this district. For this reason alone, the Complaint should be dismissed or, in the alternative, transferred to a proper venue under Rule 12(b)(3) and § 1406(a).

*Second*, Plaintiff alleges that Spotify infringes a patent directed to a computer-implemented method for artists to distribute their music in public venues using jukeboxes. All claims of the asserted patent require showing that Spotify performs steps relating to automatically calculating amounts earned by the venue where the jukebox is located (the Automatic Calculation Limitations). However, Plaintiff's Complaint fails to plausibly allege that Spotify performs these limitations, and should be dismissed under Rule 12(b)(6).

**II.     ARGUMENT**

    **A.     The Complaint Should be Dismissed for Improper Venue.**

Under the venue statute that exclusively governs patent infringement actions, a patent infringement action may only be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business. Because Spotify resides in Delaware (where it is incorporated) and does not have a regular and established place of business in the Eastern District of Louisiana, venue is not proper in this judicial district. Accordingly, Spotify requests that the Complaint be dismissed, or else transferred to the Southern District of New York, where Spotify has its principal place of business. Folsom Decl. ¶4.

3

1.   **Legal Standard**

28 U.S.C. § 1400(b) "is the sole and exclusive provision controlling venue in patent infringement actions, and . . . is not to be supplemented by . . . § 1391(c)." *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 581 U.S. 258, 266 (2017). Under that provision, venue is proper only in a judicial district where the defendant either (i) "resides," or (ii) "has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Congress enacted Section 1400(b) as a "restrictive measure" that "define[s] the exact limits of venue in patent infringement suits." *In re Cray Inc.*, 871 F.3d 1355, 1361 (Fed. Cir. 2017).

In patent infringement cases, "[t]he plaintiff has the burden of establishing proper venue under 28 U.S.C. § 1400(b)." *Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*, 6 F.4th 1283, 1287 (Fed. Cir. 2021). "Whether venue is appropriate in a patent infringement action is unique to patent law and therefore Federal Circuit law applies." *In re Volkswagen Grp. of Am., Inc.*, 28 F.4th 1203, 1207 (Fed. Cir. 2022). When considering a motion for improper venue under Rule 12(b)(3), "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009). Unsupported allegations that merely parrot the language of Section 1400(b) "will not suffice to prevent a motion to dismiss." *Westech Aerosol Corp. v. 3M Co.*, 927 F.3d 1378, 1381–82 (Fed. Cir. 2019); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

2.   **Spotify Does Not Reside in the Eastern District of Louisiana.**

Under the first prong of Section 1400(b), a "domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *Andra Grp.,* 6 F.4th at 1287 (quoting *TC Heartland*, 581 U.S. at 262). Spotify USA Inc. is incorporated in the State of Delaware, and accordingly resides in Delaware. Folsom Decl. ¶3. Because Spotify does not reside in the Eastern

4

District of Louisiana, the first prong of Section 1400(b) does not provide a basis for venue in this judicial district.

### 3. Spotify Does Not Have a Regular and Established Place of Business in the Eastern District of Louisiana.

Under the second prong of Section 1400(b), venue is only proper in a judicial district where the defendant has a regular and established place of business. To establish that a defendant has a regular and established place of business in a judicial district, "'(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant.'" *Andra Grp.,* 6 F.4th at 1287 (quoting *In re Cray Inc.*, 871 F.3d at 1360). "[A] 'regular and established place of business' requires the regular, physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged 'place of business.'" *Andra Grp.*, 6 F.4th at 1287 (quoting *In re Google LLC*, 949 F.3d 1338, 1345 (Fed. Cir. 2020). This Court must "consider whether these requirements are met with the understanding that the Supreme Court has repeatedly cautioned against a broad reading of the patent venue statute." *In re Volkswagen Grp.*, 28 F.4th at 1208; *In re Google*, 949 F.3d at 1346. "If any [of these] statutory requirement[s] [are] not satisfied, venue is improper under § 1400(b)." *In re Volkswagen*, 28 F.4th at 1208 (alterations in original).

Spotify does not have a regular and established place of business in the Eastern District of Louisiana. Folsom Decl. ¶5. Spotify does not have an office in Louisiana. *Id.* Nor does Spotify own or rent any other real estate in Louisiana from which it conducts its business. Folsom Decl. ¶5. Plaintiff's conclusory allegation that venue is proper in this district because "Spotify USA Inc. has a substantial presence and conducts business in this district" (Compl. (Rec. Doc. 1) at 1) is simply wrong, and cannot overcome Spotify's evidence to the contrary.

### 4. The Court Should Dismiss the Complaint, or Transfer the Case to the Southern District of New York.

28 U.S.C. § 1406 provides that when a case is filed in an improper venue, that the district court shall dismiss the complaint or, "if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." Because venue for this patent infringement case does not lie in this judicial district, the Court should dismiss the Complaint. However, if the Court believes that it is in the interest of justice to transfer this case in lieu of dismissal, Spotify respectfully submits that this case should be transferred to the Southern District of New York, where it has its principal place of business and where this case could have been brought.

### B. The Complaint Should be Dismissed Because It Fails to Plausibly Plead Infringement.

The Complaint does not state a claim for patent infringement because it fails to plausibly allege that Spotify performs the Automatic Calculation Limitations. Because the Automatic Calculation Limitations are required by every claim of the '925 patent, the failure to plausibly allege infringement of the those limitations warrants dismissing the Complaint under Rule 12(b)(6).

#### 1. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although a complaint does not need detailed factual allegations, the allegations must be enough to raise a right to relief above the speculative level." *Firefighters' Ret. Sys. v. Grant Thornton, L.L.P.*, 894 F.3d 665, 669 (5th Cir. 2018). Additionally, courts should "make all inferences in a manner favorable to the plaintiff, 'but plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim.'" *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012) (quoting

*City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010)). Thus, to plead patent infringement, "[t]he complaint must place the potential infringer on notice of what activity is being accused of infringement." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018).

"To establish infringement a party must show that the accused device contains . . . every limitation of the claimed invention." *Advanced Display Sys. v. Kent State Univ.*, 212 F.3d 1272, 1287 (Fed. Cir. 2000). In a patent case, the complaint must plausibly "allege facts showing that an accused product contains each and every limitation or element of at least one patented claim." *Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc.*, No. 15-1720, 2017 WL 568781, at *5 (E.D. La. Feb. 13, 2017); *see also De La Vega v. Microsoft Corp.*, No. W-19-CV-612, 2020 WL 3528411, at *6–7 (W.D. Tex. Feb. 11, 2020) (granting motion to dismiss patent infringement claims because the complaint was "devoid of [factual] allegations that would support an inference that [defendant] performs the [required claim] steps"). Importantly, the complaint must include sufficient facts to plausibly allege that each element of the patent claim is present in the accused system. *De La Vega*, 2020 WL 3528411 at *6–7. "[A] plaintiff cannot assert a plausible claim for infringement under the *Iqbal*/*Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021).

   **2.    All Claims of the '925 Patent Require the Automatic Calculation Limitations.**

The Complaint alleges that Spotify infringes U.S. Patent No. 9,146,925. The '925 patent is directed to a computer-implemented method for artists to distribute their music in public venues using jukeboxes. *See* '925 pat. (Rec. Doc. 1-3), 9:66–10:2 ("[a] computer implemented method for real time music distribution of new media for allowing an artist to control availability of the new media for playback in public venues via a jukebox") (claim 1), 10:58–63 (claim 3). The patent

7

describes placing a jukebox in a venue. *Id.*, 8:47–49. An example of a venue is given in Figure 5.1, which depicts a venue account webpage for a bar named "Cheap Shots." *Id.*, Fig. 5.1, 3:44 ("FIG. 5.1 is a venue account page."), 8:47–49. The patent discloses that the jukebox may be owned by a website provider or the "venue can also purchase [the] jukebox outright or rent-to-own[.]" *Id.*, 8:61–67. The patent further describes how revenue from the jukebox is split among various entities, including the artists, the venue, and the website provider. *Id.*, 8:63–9:16. For example, "20% goes towards paying royalties to the musicians and the 80% left is split 50/50 between the venue and the website provider." *Id.*, 8:63–67. The example is characterized as "in line with the industry," meaning "this is how other jukeboxes split the earnings." *Id.*, 8:67–9:1.

Consistent with the patent's disclosure, independent claim 1 recites a computer-implemented method that includes a step that requires "<u>automatically calculating</u>, by the processor, <u>amounts earned by</u> an artist and <u>a venue playing the new media</u>." '925 pat., 10:43–45. Claim 3 is the only other independent claim in the patent, and it recites a computer-readable media embodying program instructions for execution by a computer. Claim 3 identically requires "<u>automatically calculating</u>, by the processor, <u>amounts earned by</u> an artist and <u>a venue playing the new media</u>." Because both independent claims recite this same limitation, to prove a claim of infringement for the '925 patent, Plaintiff must show that the alleged infringer either performs the claimed computer-implemented method, including by "automatically calculating . . . amounts earned by . . . a venue playing the new media" or that the alleged infringer provides software on a computer-readable media that performs the same steps (the "Automatic Calculation Limitations").

        3.        **The Complaint Fails to Plausibly Allege that Spotify Performs the Automatic Calculation Limitations.**

The Complaint does not plausibly allege, nor otherwise explain, how Plaintiff believes that Spotify performs the Automatic Calculation Limitations. Instead, the Complaint refers the reader

8

to Exhibit C. Rec. Doc. 1 at 4 ("Spotify's platform infringes our '925 Patent please see as Exhibit C[].") However, Exhibit C to the Complaint also fails to plausibly allege that Spotify performs the Automatic Calculation Limitations.

Pages 24 and 25 of Exhibit C relate to the Automatic Calculation Limitations because they reproduce the relevant limitation in claim 1. Ex. C (Rec. Doc. 1-4) at 24–25 (claim 1's recitation of "automatically calculating, by the processor, amounts earned by an artist and a venue playing the new media" reproduced in purple). On those pages, Plaintiff reproduces screenshots from various websites, but provides no explanation of how the reproduced screenshots plausibly suggest that Spotify automatically calculates amounts earned by a venue playing the new media. *Id.* Simply reproducing screenshots, without explanation of how those screenshots demonstrate that a claim limitation is satisfied, is not enough to avoid dismissal under Rule 12(b)(6). The Western District of Texas decision in *De La Vega* illustrates this point. There, the court dismissed the plaintiff's patent infringement claim with prejudice where the plaintiff "only presented three screenshots of evidence without explaining how that evidence shows that [the defendant] (and/or a third-party) performs the [claim step]." 2020 WL 3528411, at *6.

At most, the screenshots relate to calculating streaming royalty payments to music rightsholders. Ex. C. (Rec. Doc. 1-4) at 24 ("We distribute the net revenue from Premium subscription fees and ads to rightsholders."), 25 ("[B]ut exactly when and how much artists get paid depends on their agreements with their record label or distributor. Once we pay rightsholders according to their streamshare, the labels and distributors . . . pay artists according to their individual agreements."). But even if the screenshots can be construed to allege that Spotify calculates payments to artists, that is not enough to plausibly allege infringement because the Automatic Calculation Limitations require automatically calculating earnings for both an artist and

9

a venue. *Supra*, Section III.B.2 (explaining the Automatic Calculation Limitations). The failure to plausibly allege that Spotify automatically calculates earnings for a venue means that the Automatic Calculation Limitations are not satisfied, and therefore the Court should dismiss the Complaint.

      **C.    Plaintiff's *Pro Se* Status Does Not Excuse the Factual Deficiencies In the Complaint, Which Must Adhere to Federal Pleading Requirements.**

Plaintiff's *pro se* status—and liberal construction of his Complaint—does not prevent the Court from dismissing this Complaint. Though Plaintiff's Complaint should receive liberal construction given his status as a *pro se* plaintiff, "regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376 (5th Cir. 2002) (citation omitted). Here, even after construing Plaintiff's Complaint liberally, the Complaint fails to demonstrate venue is proper in this judicial district, and fails to plausibly plead patent infringement by Spotify.

**III.    CONCLUSION**

For the foregoing reasons, Spotify respectfully requests that the Court grant its motion to dismiss Plaintiff's Complaint for improper venue and for failure to state a claim for relief with prejudice.

      DATED: January 14, 2025

                              Respectfully submitted,

                              **PHELPS DUNBAR LLP**

                              BY:   */s/ David L. Patrón*
                                    David L. Patrón (La. Bar #22566)
                                    Lindsay Calhoun (La. Bar #35070)
                                    Mark D. Ackal (La. Bar #41470)
                                    Canal Place | 365 Canal Street, Suite 2000

                          New Orleans, Louisiana 70130-6534
                          Telephone: 504-566-1311
                          Telecopier: 504-568-9130
                          Email: david.patron@phelps.com
                                    lindsay.calhoun@phelps.com
                                    mark.ackal@phelps.com

**ATTORNEYS FOR DEFENDANT SPOTIFY USA INC.**