| | |
|---|---|
| **From:** | Manuel Tijerino |
| **To:** | Jonathan DeFosse |
| **Cc:** | patrond@phelps.com; lindsay.calhoun@phelps.com; mark.ackal@phelps.com; David Patron; Holly Zhang; Chris Ponder; Harper Batts |
| **Subject:** | Re: Meet-and-Confer Letter re: Discovery Responses – Tijerino v. Spotify USA Inc., Case No. 2:24-cv-02290-ILRL-DPC |
| **Date:** | Sunday, April 13, 2025 5:31:39 PM |
| **Attachments:** | CertificateOfComplianceWithRule37(a)(1).pdf DeclarationOfManuelTijerinoInSupportOfCertificateOfComplianceUnderRule37(a)(1).pdf EXHIBIT E - Email Thread re Meet-and-Confer and Discovery Dispute.pdf |

Dear Counsel,

I am writing to inform you that I have filed three supplemental documents with the Court in support of my April 12, 2025 motion to compel. These include:

- Certificate of Compliance under Rule 37(a)(1)

- Declaration in Support of Certificate

- Exhibit E – Email Thread

Thank you for your attention.

Sincerely,
Manuel Tijerino
manueltijerino@hotmail.com
(515) 803-8907

---

**From:** Manuel Tijerino <manueltijerino@hotmail.com>
**Sent:** Sunday, April 13, 2025 7:06 PM
**To:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>
**Cc:** patrond@phelps.com <patrond@phelps.com>; lindsay.calhoun@phelps.com <lindsay.calhoun@phelps.com>; mark.ackal@phelps.com <mark.ackal@phelps.com>; David Patron <David.Patron@phelps.com>; Holly Zhang <HZhang@sheppardmullin.com>; Chris Ponder <CPonder@sheppardmullin.com>; Harper Batts <HBatts@sheppardmullin.com>
**Subject:** Re: Meet-and-Confer Letter re: Discovery Responses – Tijerino v. Spotify USA Inc., Case No. 2:24-cv-02290-ILRL-DPC

Dear Mr. DeFosse,

Thank you for your email.

I respectfully disagree with your characterization of the procedural history and the basis of my motion.

EXHIBIT
A-1

As documented in the exhibits filed with the motion, including the April 3, 2025 meet-and-confer letter (Exhibit C), our April 11, 2025 Zoom call (Exhibit D), and the extended email thread (Exhibit E), I have made a good-faith effort to confer in accordance with Federal Rule 37(a)(1) and Local Rule 37 of the Eastern District of Louisiana.

Your own follow-up email confirms that the parties agreed to continue discussions solely as to Interrogatories, and that Spotify declined to amend or supplement its responses to the Requests for Admission.

No agreement was reached to defer court intervention as to the RFAs, and Spotify's responses remain defective under Rule 36(a)(3), which deems unanswered or insufficient responses admitted by default.

The motion was filed more than 30 days after the RFAs were served, following a week of meet-and-confer efforts, and after the Zoom conference required by the Court's local procedures. As such, the motion complies with the Federal and Local Rules.

I stand by the filing. If you believe Spotify's responses are adequate, you are of course free to oppose the motion.

I will be supplementing the record with the Rule 37 Certificate of Compliance and Exhibit E (our full correspondence history) to assist the Court in evaluating the procedural posture.

Sincerely,
Manuel Tijerino
manueltijerino@hotmail.com
515-803-8907

---

**From:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>
**Sent:** Sunday, April 13, 2025 10:06 AM
**To:** Manuel Tijerino <manueltijerino@hotmail.com>
**Cc:** patrond@phelps.com <patrond@phelps.com>; lindsay.calhoun@phelps.com <lindsay.calhoun@phelps.com>; mark.ackal@phelps.com <mark.ackal@phelps.com>; David Patron <David.Patron@phelps.com>; Holly Zhang <HZhang@sheppardmullin.com>; Chris Ponder <CPonder@sheppardmullin.com>; Harper Batts <HBatts@sheppardmullin.com>
**Subject:** RE: Meet-and-Confer Letter re: Discovery Responses – Tijerino v. Spotify USA Inc., Case No. 2:24-cv-02290-ILRL-DPC

Dear Mr. Tijerino,

We are in receipt of your email and the attached "MotionToCompelAndToDeemRFAdmitted." You knowingly filed this motion in violation of the Federal Rules and the rules of the Court. We request that you immediately withdraw the motion. If you fail to do so, Spotify expects to file a request for

sanctions against you.

On April 2, 2025, Spotify served responses and objections to your Interrogatories, requests for production, and requests for admission.  Contrary to your repeated statements, Spotify did not refuse to answer any discovery request based on "boilerplate" or non-specific objections.  Based on the specific facts of this case, Spotify believes that discovery should be stayed pending resolution of the motion to dismiss. In particular, you have yet to identify any statutory basis for patent venue in Louisiana and cannot state a plausible claim that Spotify infringes the asserted patent.  We understand that you do not agree to a stay, and we have filed a motion presenting that issue so the Court can resolve this dispute.  In the meantime, we explained that we would be willing to work with you to address and explain our specific objections to the discovery requests.  To date, you have failed to provide any response to those specific objections.  Instead, you have made only blanket statements that Spotify failed to respond the discovery requests (not true), that Spotify provided only "boilerplate" objections (not true), and that Spotify failed to identify any specific terms that were vague or ambiguous (not true).  You have also falsely stated that Spotify failed to admit or deny the Requests for Admission—a statement that is belied by "Exhibit B" to your motion, which shows that Spotify admitted or denied <u>every</u> request for admission.

We have repeatedly attempted to engage you in a meet-and-confer process to address the discovery responses and understand your positions.  You initially refused.  We then referred you to Judge Currualt's requirement that an in-person meet-and-confer be conducted prior to filing any motion to compel. In response, you asked that we immediately hold a meet and confer, which we agreed to do on April 11.  During the call, you read a "script" asserting that Spotify's responses and objections were generally deficient but were unprepared to specifically discuss any responses or objections.

Despite your lack of preparation, we attempted to have a substantive discussion, during which you appeared to respond to our statements by typing them into an artificial intelligence program and reading the program's responses.  This made it difficult to understand your positions, which seemed to change each time the artificial intelligence program provided a new response. After 45 minutes, we had only discussed one interrogatory (Interrogatory No. 1) and one objection to a second Interrogatory (Interrogatory No. 2).  Given your lack of preparedness and the inefficiency of the process, we agreed to prepare and send a list of our objections—<u>which were already provided in our discovery responses</u>—so you could respond in writing before continuing with the meet-and-confer.

At the conclusion of our call yesterday, you plainly understood that the parties had not completed the meet-and-confer process.  You specifically asked whether the call would "count."  I responded that we still needed to complete our discussion of nearly all of the discovery requests and responses —i.e., the remaining objections for 13 Interrogatories, the responses to all of the requests for production, and the responses to all of the RFAs.  This meet-and-confer is particularly critical here because you have failed to provide any explanation of why you believe Spotify's responses are deficient beyond incorrect omnibus assertions that Spotify's responses are "boilerplate" and improper.  Despite not even discussing the RFAs at the meet and confer, you are now asking the Court to compel Spotify to respond to the Requests for Admission when Spotify has already admitted or denied every request.  You have never explained why the existing responses are

insufficient.

Please confirm by tomorrow that you will be withdrawing the motion to compel.

Best Regards,

**Jonathan DeFosse**
**SheppardMullin** | Washington
+1 202-747-1932 | ext. 21932

---

**From:** Manuel Tijerino <manueltijerino@hotmail.com>
**Sent:** Saturday, April 12, 2025 8:01 AM
**To:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>
**Cc:** patrond@phelps.com; lindsay.calhoun@phelps.com; mark.ackal@phelps.com; David Patron <David.Patron@phelps.com>; Holly Zhang <HZhang@sheppardmullin.com>; Chris Ponder <CPonder@sheppardmullin.com>; Harper Batts <HBatts@sheppardmullin.com>
**Subject:** Re: Meet-and-Confer Letter re: Discovery Responses – Tijerino v. Spotify USA Inc., Case No. 2:24-cv-02290-ILRL-DPC

Ok thank you, looking forward to continuing the dialogue Monday.

I just filed these for the Request For Admissions.

I was going to give these on Monday but here they are.

**What You Meant by "Data Sharing" in Interrogatory No. 2:**
**"Data sharing" refers to any transmission, communication, or exchange of music usage data (e.g., play counts, metadata, territory/location of streams, track IDs, artist IDs, timestamps, session logs) between Spotify and third parties** — particularly for:
- Royalty calculation
- Reporting to rights holders (including PROs like ASCAP or BMI)
- Licensing compliance
- External analytics or audit purposes
- Revenue-sharing systems or dashboards for artists, labels, or partners

Kind Regards,
Manny
515-803-8907
Pro Se
manueltijerino@hotmail.com

---

**From:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>
**Sent:** Friday, April 11, 2025 4:05 PM

**To:** Manuel Tijerino <manueltijerino@hotmail.com>
**Cc:** patrond@phelps.com <patrond@phelps.com>;
lindsay.calhoun@phelps.com <lindsay.calhoun@phelps.com>;
mark.ackal@phelps.com <mark.ackal@phelps.com>; David Patron <David.Patron@phelps.com>;
Holly Zhang <HZhang@sheppardmullin.com>; Chris Ponder <CPonder@sheppardmullin.com>;
Harper Batts <HBatts@sheppardmullin.com>
**Subject:** RE: Meet-and-Confer Letter re: Discovery Responses – Tijerino v. Spotify USA Inc., Case No. 2:24-cv-02290-ILRL-DPC

Dear Mr. Tijerino,

Thank you for taking the time to speak with us today.  I am writing to provide a summary of our call:

- Throughout the call, you appeared to be typing our statements into an artificial intelligence program and reading responses generated by that program.  At times, this made it difficult for us to understand your position because the position seemed to change based on how the AI program responded to our most recent statement.

- At the beginning of the call, you read a script you prepared concerning your position on Spotify's discovery responses and objections.  You stated that the discovery requests are not premature because a scheduling order has been issued and the case has not been stayed.  You further stated that Spotify asserted improper boilerplate objections in violation of the *Haller* case.  You asked whether Spotify would agree to supplement its responses.  If not, you indicated that you would need to file a motion to compel.

- I responded that Spotify believes that discovery should be stayed for the reasons set forth in the motion to stay filed earlier this week.  I further stated that Spotify's objections are not "boilerplate."  I noted that Spotify asserted timing objections that are generally applicable to all of your requests, but those objections are nonetheless specific to the facts of this case and not boilerplate.

- You disagreed and asserted that objections repeated in response to multiple requests are the definition of "boilerplate."

- I stated that we would need to go through Spotify's objections for each request in order to understand your position and see whether there is room to compromise on specific objections.  I stated that, typically, the party serving the discovery request would state whether it agrees to modify a request in response an objection or explain the basis for disagreeing with the objection.

- As an example, we started with the objections to Interrogatory No. 1.  I explained that Spotify had objected to identifying every employee, past or current, who had knowledge concerning broad topics ("royalty tracking, PRO reporting, metadata processing, or artist revenue-sharing").  I noted that this request is burdensome and Spotify does not understand the relevance of identifying all of these employees.  I asked whether you would agree to (1) limit

the time period of the request; (2) limit the geographical scope of the request; (3) limit the topics of employee knowledge; and (4) accept representative employees rather than every employee with knowledge of the specified topics.

- You responded that the request is relevant because the employees may have information that is relevant to the claims in this case. You also stated that the request could be relevant to venue if any of the employees are located in Louisiana, although you said that the request is not limited to employees in Louisiana. You agreed that the request could be limited to Spotify employees from 2017 to present. You also appeared to be amenable to limiting the request to only representative employees, although your position on this was difficult to understand. You did not limit the list of topics. To the contrary, you seemed to assert that the response should identify employees with knowledge of topics beyond those listed in Interrogatory No. 1. Finally, you stated that the response could focus on employees in Louisiana and the United States, but would also need to include any employees outside the United States that have responsibilities related to the allegations in this case.

- I stated that we would consider whether there is any room to agree on the scope of the response to Interrogatory No. 1 and get back to you.

- We then began to discuss Interrogatory No. 2. I asked what the request means by "data-sharing" (see Responses and Objections, p. 9).

- You read me a fairly lengthy description of what should be included in "data-sharing." I asked for you to send it in email.

- We next agreed that a more efficient way to proceed with the meet-and-confer process would be for you to provide us your responses to our objections in writing and then schedule another call to discuss the issues. To facilitate this process, we agreed to send you a break-down of the objections asserted in our responses on Monday, April 14, 2025. You agreed that you would then provide us with a response to those objections.

Thank you again for taking the time to speak with us. Please let me know if you disagree with any of the above or think that I have omitted something material.

Best,

**Jonathan DeFosse**
**SheppardMullin** | Washington
+1 202-747-1932 | ext. 21932

---

**From:** Manuel Tijerino <manueltijerino@hotmail.com>
**Sent:** Thursday, April 10, 2025 10:20 PM
**To:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>
**Cc:** patrond@phelps.com; lindsay.calhoun@phelps.com; mark.ackal@phelps.com; David Patron <David.Patron@phelps.com>; Holly Zhang <HZhang@sheppardmullin.com>; Chris Ponder

<CPonder@sheppardmullin.com>; Harper Batts <HBatts@sheppardmullin.com>
**Subject:** Re: Meet-and-Confer Letter re: Discovery Responses – Tijerino v. Spotify USA Inc., Case No. 2:24-cv-02290-ILRL-DPC

**Dear Mr. DeFosse,**

Thank you for the draft Protective Order and the redline comparison. I appreciate your effort to address the confidentiality issues.

I understand that Judge Currault requires phone or in-person conferences prior to a motion to compel under Rule 37. While I generally prefer to communicate in writing to ensure clarity and preserve the record, I will agree to a brief phone call this week to comply with the Court's procedure.

Regarding the proposed Protective Order, I am reviewing its provisions and may have comments—particularly concerning the Prosecution Bar in Section 13, which I believe is overly broad in the context of a pro se litigant and may need modification for the following reasons:

---

**Statement Regarding Objection to Proposed Protective Order and Scope of Discovery**

I have reviewed the proposed Protective Order and strongly object to the inclusion of the Prosecution Bar in Section 13.

As the inventor and sole owner of the asserted patent, I cannot agree to any provision that would restrict or impair my ability to file future applications, defend existing rights, or continue research and development related to my own invention.

The Prosecution Bar is not required under the Federal Rules of Civil Procedure and is particularly inappropriate in the context of a pro se plaintiff representing their own patent. I respectfully request that Section 13 be removed in its entirety.

While I do not presently anticipate needing access to Spotify's source code, I must preserve that right should Spotify's position require it. If Spotify denies the use of unique media identifiers during playback requests or claims it does not track usage by territory—both of which appear to be core features of the Spotify for Artists platform—technical inspection may become necessary to resolve factual disputes. Publicly available documentation and Spotify's own APIs indicate that territorial and metadata-based tracking are integral to the platform. Even a basic AI inquiry (e.g., "How does Spotify for Artists track streams by territory?") confirms this. However, due to Spotify's consistent pattern of categorical denials and narrow mischaracterizations of the patent claims, I included the potential for source code inspection to ensure technical facts can be properly evaluated.

As a pro se plaintiff with limited resources, I respectfully request that any inspection of technical materials — including source code, system documentation, or logs — allow for machine-assisted analysis on a secured system under my control. I do not intend to copy or disseminate any proprietary information but require the ability to use common, publicly available tools, such as GPT-based code parsing or AI-powered analysis, to assist in my understanding and litigation strategy.

The asserted patent (U.S. Patent No. 9,146,925) describes a server-based system that facilitates media distribution to and from the server, including account creation, media upload, metadata extraction, media storage, API accessibility, audio analysis, and tracking and reporting of streamed content. While the claims refer to "amounts earned," the specification makes clear that this may refer to metadata tallying — including territorial session tracking, usage logging, or internal royalty dashboards. The claims are not limited to PRO reporting, jukebox systems, or any specific disbursement framework.

The claims require the calculation and metadata-based tracking of usage, but they do not require that such calculations be displayed to the artist or exposed through a user interface. Furthermore, while the claims refer to "amounts earned by an artist and a venue playing the new media," they do not require that an artist ID or venue ID be explicitly received or transmitted — only that the system be capable of calculating music usage based on the server receiving a request for the new media associated with the metadata.

The fact that Spotify for Artists provides internal dashboards, metadata insights, and play-count reporting for signed and unsigned artists, including those who upload content directly to the platform, demonstrates that these features correspond directly to the patented system's ability to track usage, associate metadata like track ID while considering venue or territory of music consumption, and report that data for internal or external use, as reflected in the platform's reporting tools.

This clarification is offered in response to Spotify's narrow interpretation of the asserted claims as covering only "jukebox" or "PRO-specific" systems. Courts have long recognized that claim scope and infringement theories may evolve in response to discovery and the opposing party's framing. See *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006); *Golden Hour Data Sys., Inc. v. Health Servs. Integration, Inc.*, No. 06-cv-7477, 2008 WL 2622794, at *4 (N.D. Cal. July 1, 2008).

Accordingly, discovery must reflect the full technical scope of the server-side system as claimed in U.S. Patent No. 9,146,925, including its application to Spotify for Artists and related infrastructure, and should not be restricted solely to physical playback devices or ASCAP/BMI licensing frameworks.

---

I also appreciate your acknowledgment regarding "Spotify for Business." As previously

explained, the reference was to commercial-facing playback services in venues or businesses, which relate to patent venue and not necessarily to allegations of infringement.

Please let me know your availability tomorrow for a brief call, I am available from 10am-5pm central time, and I will do my best to accommodate.

**Sincerely,**
Manuel Tijerino
manueltijerino@hotmail.com
515-803-8907

---

**From:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>
**Sent:** Thursday, April 10, 2025 2:04 PM
**To:** Manuel Tijerino <manueltijerino@hotmail.com>
**Cc:** patrond@phelps.com <patrond@phelps.com>;
lindsay.calhoun@phelps.com <lindsay.calhoun@phelps.com>;
mark.ackal@phelps.com <mark.ackal@phelps.com>; David Patron <David.Patron@phelps.com>;
Holly Zhang <HZhang@sheppardmullin.com>; Chris Ponder <CPonder@sheppardmullin.com>;
Harper Batts <HBatts@sheppardmullin.com>
**Subject:** RE: Meet-and-Confer Letter re: Discovery Responses – Tijerino v. Spotify USA Inc., Case No. 2:24-cv-02290-ILRL-DPC

Dear Mr. Tijerino,

Please find attached a draft of our proposed Protective Order.  I am also attaching a redline showing changes made to the model Protective Order.  We look forward to discussing this with you.

Best Regards,

**Jonathan DeFosse**
**SheppardMullin** | Washington
+1 202-747-1932 | ext. 21932

---

**From:** Jonathan DeFosse
**Sent:** Wednesday, April 9, 2025 10:00 PM
**To:** 'Manuel Tijerino' <manueltijerino@hotmail.com>; Chris Ponder
<CPonder@sheppardmullin.com>; Harper Batts <HBatts@sheppardmullin.com>
**Cc:** patrond@phelps.com; lindsay.calhoun@phelps.com; mark.ackal@phelps.com; David Patron
<David.Patron@phelps.com>; Holly Zhang <HZhang@sheppardmullin.com>
**Subject:** RE: Meet-and-Confer Letter re: Discovery Responses – Tijerino v. Spotify USA Inc., Case No. 2:24-cv-02290-ILRL-DPC

Dear Mr. Tijerino,

Thank you for your email.

The link to Judge Currault's practices is here: https://www.laed.uscourts.gov/judges-information/judge/honorable-donna-phillips-currault.  Under the Motions & Oral Argument tab, there is a section dedicated to motions to compel discovery under Rule 37, which states: "Counsel should meet and confer either in person or by telephone, not simply via email exchange."

Again, we are willing to have a telephonic meet and confer with you to address our responses and objections to your discovery requests.

Best Regards,


**Jonathan DeFosse**
**SheppardMullin** | Washington
+1 202-747-1932 | ext. 21932


---

**From:** Manuel Tijerino <manueltijerino@hotmail.com>
**Sent:** Wednesday, April 9, 2025 3:18 AM
**To:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>; Chris Ponder <CPonder@sheppardmullin.com>; Harper Batts <HBatts@sheppardmullin.com>
**Cc:** patrond@phelps.com; lindsay.calhoun@phelps.com; mark.ackal@phelps.com; David Patron <David.Patron@phelps.com>; Holly Zhang <HZhang@sheppardmullin.com>
**Subject:** Re: Meet-and-Confer Letter re: Discovery Responses – Tijerino v. Spotify USA Inc., Case No. 2:24-cv-02290-ILRL-DPC


Dear Mr. Jon,

Thank you for your continued correspondence.

I have now carefully reviewed the Scheduling Order (Doc. 22), the Pretrial Notice (Doc. 22-1), and the Court's most recent Order (Doc. 31). None of these documents contain a requirement that Rule 37 meet-and-confers for discovery disputes must be conducted by phone or in person.

To date, our correspondence has included multiple detailed exchanges regarding Spotify's objections and my positions on the relevance and scope of discovery. Under Federal Rule of Civil Procedure 37(a)(1), and in the absence of any standing order to the contrary, I believe this constitutes a good-faith effort to confer.

If Spotify is relying on a specific rule, standing order, or Judge Currault's procedures that

explicitly require phone or in-person meet-and-confers for discovery, I respectfully ask that you cite it. I remain open to discussion, but I also want to ensure that we are all operating under the correct procedural standards.

Regarding your statement that Spotify has no commercial-facing services such as public performance licensing, I appreciate your clarification. However, I reserve the right to pursue follow-up discovery and arguments if publicly available evidence contradicts that position.

Finally, I understand that you maintain your objections to the current discovery requests. If Spotify is willing to identify specific requests where a narrowing of language would resolve an objection, I am happy to consider doing so in good faith. As noted in my prior letter, boilerplate and unsupported objections are insufficient under Rules 33 and 34.

Please let me know whether you still intend to supplement any of Spotify's responses by April 10, or whether you believe no further supplementation is warranted. I remain committed to resolving these issues collaboratively but will proceed with filing a motion to compel if needed to preserve my rights under the discovery schedule.

Sincerely,
**Manuel Tijerino**
Pro Se Plaintiff
manueltijerino@hotmail.com
(515) 803-8907

---

**From:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>
**Sent:** Tuesday, April 8, 2025 2:43 PM
**To:** Manuel Tijerino <manueltijerino@hotmail.com>; Chris Ponder <CPonder@sheppardmullin.com>; Harper Batts <HBatts@sheppardmullin.com>
**Cc:** patrond@phelps.com <patrond@phelps.com>; lindsay.calhoun@phelps.com <lindsay.calhoun@phelps.com>; mark.ackal@phelps.com <mark.ackal@phelps.com>; David Patron <David.Patron@phelps.com>; Holly Zhang <HZhang@sheppardmullin.com>
**Subject:** RE: Meet-and-Confer Letter re: Discovery Responses – Tijerino v. Spotify USA Inc., Case No. 2:24-cv-02290-ILRL-DPC

Dear Mr. Tijerino,

Thank you for your email.  A few responses:

- Regarding Spotify's objection that discovery is premature in this case, we intend to file a motion to stay (as we previously stated on April 4, 2025).  As we requested previously, we would like to have a meet-and-confer with you to discuss the contemplated motion.  We

understand from your email on April 5, 2025, that you oppose the relief Spotify is seeking. Please let us know whether you will agree to meet-and-confer to discuss the parties' respective positions.

- We understand that discovery disputes in this case have been referred to Judge Currault, whose rules require that the meet-and-confer occur by phone or in person. As such, it is our understanding that exchanging positions on the discovery disputes via email is not sufficient. If you are amenable, we will work with you to find a time for a phone call this week to discuss the discovery requests and Spotify's responses.

- Thank you for clarifying that "Spotify for Business" does not refer to a "formal product name," but instead any "commercial-facing services that facilitate public performance of music in businesses or venues." As we have explained previously, Spotify has no such services. But we can respond to your discovery requests based on the clarification you have provided to more formally indicate that no such services exist.

- You have asserted that, in your view, all of your discovery requests are relevant. We disagree for the reasons set forth in the responses and objections. We will need to have a meet-and-confer to address each request individually to see whether the parties can reach some common ground with respect to the information you seek.

- The objections that Spotify has asserted in response to the individual discovery requests are not "boilerplate." While some of the objections are generally applicable to all of the requests —e.g., Spotify's objection that discovery is premature—those objections are based specifically on the facts of this case.

- You request that Spotify "identify specific discovery requests" for which Spotify believes there are problems. But that is what Spotify has done already in its responses—i.e., identify Spotify's objections and, in some instances, propose alterations to the requests that would be permissible. If you disagree with Spotify's responses and objections, we would like to have a meet-and-confer with you to discuss the nature of your disagreement in hopes of reaching some compromise.

Best Regards,
Jon

**Jonathan DeFosse**
**SheppardMullin** | Washington
+1 202-747-1932 | ext. 21932

---

**From:** Manuel Tijerino <manueltijerino@hotmail.com>
**Sent:** Sunday, April 6, 2025 8:15 PM
**To:** Chris Ponder <CPonder@sheppardmullin.com>; Harper Batts <HBatts@sheppardmullin.com>
**Cc:** patrond@phelps.com; lindsay.calhoun@phelps.com; mark.ackal@phelps.com; David Patron <David.Patron@phelps.com>; Holly Zhang <HZhang@sheppardmullin.com>; Jonathan DeFosse

<JDeFosse@sheppardmullin.com>

**Subject:** Re: Meet-and-Confer Letter re: Discovery Responses – Tijerino v. Spotify USA Inc., Case No. 2:24-cv-02290-ILRL-DPC

Dear Mr. Ponder,

Thank you for your message. I appreciate your agreement on moving forward with a protective order and look forward to reviewing your draft.

Regarding the meet-and-confer, I respectfully prefer to continue the process by email so we can preserve a clear written record and avoid any confusion. I am fully committed to working with you to resolve the discovery concerns in good faith.

**1. Clarification on "Spotify for Business" Reference**

To clarify, the reference to "Spotify for Business" was not intended to identify a formal product name, but rather to refer to Spotify's commercial-facing services that facilitate public performance of music in businesses or venues. The intent of this request is not to suggest infringement through a separate product, but to establish facts relevant to **patent venue** under 28 U.S.C. § 1400(b). Specifically, discovery into Spotify's commercial licensing activities, business relationships with Louisiana-based entities, and public performance services is directly relevant to whether Spotify has a regular and established place of business in this district.

If Spotify uses another designation for this category of services (e.g., venue licensing, public performance platforms, or third-party integrations), I am happy to revise the terminology to match. However, the goal of these requests is to demonstrate Spotify's **business activity within the forum**, not to expand the scope of the accused infringing system beyond Spotify for Artists.

Furthermore, I would like to clarify that "Spotify for Business" was defined once in the instructions section of the discovery solely to ensure clarity in case commercial licensing was relevant to Spotify's public performance activities. The defined term was **not used** in any of the actual Interrogatories, Requests for Production, or Requests for Admission. The entire discovery set focuses on **Spotify for Artists** and the server-based royalty tracking system described in the claims of U.S. Patent No. 9,146,925.

While Spotify for Business was mentioned to address general commercial use cases, the intent was never to suggest infringement through that platform. Rather, commercial licensing activity — whether through Spotify for Artists or other offerings — is relevant to whether Spotify maintains a **regular and established place of business** in this district under **28 U.S.C. § 1400(b)**. The **Spotify for Artists user agreement**, which governs business use by artists, studios, and record labels, further reinforces that Spotify conducts commercial operations in

Louisiana that support venue.

## 2. Relevance of Discovery Requests

Each of my interrogatories, RFAs, and RFPs were carefully drafted to align with the claim elements of U.S. Patent No. 9,146,925. Specifically:

- The claims refer to **automatic calculations** of "amounts earned," but the patent explains that this refers to **metadata-based tracking**—a count or tally of media plays— used for royalty reporting compliance.

- The term "venue" as used in the claims can refer to **physical locations or performance territories** (e.g., country-based reporting through ASCAP or GEMA), and is not limited to literal bars or commercial properties.

These discovery requests seek to determine whether Spotify's platform, particularly Spotify for Artists, includes systems that match these features. This is directly relevant to infringement, claim construction, and potentially to venue.

## 3. Response to Spotify's Objections

Regarding your objections, many appear to be **boilerplate** and therefore improper under the Federal Rules. Under Rule 33(b)(4) and Rule 34(b)(2)(B), objections must be stated with **specificity** and cannot be conclusory or general. Objections such as "vague," "irrelevant," or "not proportional" that are not tied to any particular term or explanation do not meet this standard. To date, Spotify has not provided sufficient detail as to why the information sought is not discoverable under Rule 26(b)(1).

If Spotify can identify specific discovery requests where a clarification of language would resolve an objection, I am open to considering refinements. However, across-the-board refusals based on generalized objections do not satisfy the discovery rules.

Please feel free to point out any specific discovery request that you believe is unclear, and I will be happy to refine the language if necessary. I remain committed to resolving these issues collaboratively under Rule 37.

Best regards,
**Manuel Tijerino**
Pro Se Plaintiff
manueltijerino@hotmail.com
(515) 803-8907

**From:** Chris Ponder <CPonder@sheppardmullin.com>
**Sent:** Sunday, April 6, 2025 3:39 PM
**To:** Manuel Tijerino <manueltijerino@hotmail.com>; Harper Batts <HBatts@sheppardmullin.com>
**Cc:** patrond@phelps.com <patrond@phelps.com>;
lindsay.calhoun@phelps.com <lindsay.calhoun@phelps.com>;
mark.ackal@phelps.com <mark.ackal@phelps.com>; David Patron <David.Patron@phelps.com>;
Holly Zhang <HZhang@sheppardmullin.com>; Jonathan DeFosse <JDeFosse@sheppardmullin.com>
**Subject:** RE: Meet-and-Confer Letter re: Discovery Responses – Tijerino v. Spotify USA Inc., Case No.
2:24-cv-02290-ILRL-DPC

Dear Mr. Tijerino,

The assertion that you made "a good-faith effort to meet and confer under Rule 37 regarding
Spotify's objections and responses" is not correct.

We understand your position concerning the general objection that discovery is premature. In
response, we have proposed requesting a stay of discovery.  We understand that you oppose the
stay.

With respect to the confidentiality issues, we agree with you that entry of a protective order will
likely address those objections.  We are thus preparing a draft for your consideration.

You have not addressed any of the specific objections Spotify has raised to the discovery requests,
including the objections to vague requests and relevance.  For example, you seek discovery
concerning "Spotify for Business."  As we have pointed out, those requests are ambiguous because
there is no service with that name and we do understand which service, if any, is the focus of those
requests.

To adequately meet-and-confer, we need your position on whether our specific objections are valid
and, if so, how you will modify the requests to address those objections.  Preferably, we would have
a telephone call to walk through the objections to understand your positions, including why you
believe many of the requests seek relevant information.

Until you have made a good faith effort to explain your positions and give Spotify the opportunity to
consider and respond to those positions, you have not made a "good-faith effort to meet and
confer."

We are available for a telephone call tomorrow at 2 pm, 2:30 pm, 3 pm, 3:30 pm, 4 pm or 4:30 pm
central time to have the meet-and-confer.  Please let us know if you would like to do so.

Best Regards,

Chris Ponder

**From:** Manuel Tijerino <manueltijerino@hotmail.com>
**Sent:** Saturday, April 5, 2025 8:51 PM
**To:** Harper Batts <HBatts@sheppardmullin.com>
**Cc:** patrond@phelps.com; Chris Ponder <CPonder@sheppardmullin.com>;
lindsay.calhoun@phelps.com; mark.ackal@phelps.com; David Patron <David.Patron@phelps.com>;
Holly Zhang <HZhang@sheppardmullin.com>
**Subject:** Re: Meet-and-Confer Letter re: Discovery Responses – Tijerino v. Spotify USA Inc., Case No.
2:24-cv-02290-ILRL-DPC

Dear Mr. Batts,

Thank you for your response. I appreciate your desire to avoid burdening the Court and
welcome a collaborative approach.

However, the Court entered a Scheduling Order on February 4, 2025 (Doc. 22), which permits
discovery to proceed. Both parties exchanged Rule 26(a)(1) Initial Disclosures on February 25,
2025, and I served discovery requests on March 3, 2025. No court-ordered stay is in effect,
and Rule 26(d)(1) allows discovery once a scheduling order has issued.

I've made a good-faith effort to meet and confer under Rule 37 regarding Spotify's objections
and responses. While I understand your concern regarding confidentiality, a protective order
can be proposed and entered if necessary — but that does not excuse non-responsiveness.

If Spotify wishes to file a motion to stay discovery, I do not object to your right to do so, but I
will oppose the motion. Meanwhile, I am proceeding with my Rule 37 motion to preserve my
rights under the current discovery schedule.

Respectfully,
Manuel Tijerino
Pro Se Plaintiff
manueltijerino@hotmail.com
(515) 803-8907

---

**From:** Harper Batts <HBatts@sheppardmullin.com>
**Sent:** Friday, April 4, 2025 10:36 AM
**To:** Manuel Tijerino <manueltijerino@hotmail.com>
**Cc:** patrond@phelps.com <patrond@phelps.com>; Chris Ponder <CPonder@sheppardmullin.com>;
lindsay.calhoun@phelps.com <lindsay.calhoun@phelps.com>;
mark.ackal@phelps.com <mark.ackal@phelps.com>; David Patron <David.Patron@phelps.com>;
Holly Zhang <HZhang@sheppardmullin.com>
**Subject:** RE: Meet-and-Confer Letter re: Discovery Responses – Tijerino v. Spotify USA Inc., Case No.
2:24-cv-02290-ILRL-DPC

Mr. Tijerino,

We received the letter you sent early yesterday morning concerning the discovery responses Spotify provided the previous evening. Given the number of responses provided across the Requests for Production, Requests for Admission, and Interrogatories and the timing of your letter, it appears that rather than actually reviewing the specific objections and responses provided for each of the discovery requests, you are utilizing an AI tool to generate a formulaic and inaccurate letter. Please confirm whether you are using an AI tool for correspondence or brief writing.

As an example, your letter complains that Spotify failed to answer any of the Requests for Admission. Not so – Spotify answered each and every RFA with a specific response and objections, including denials and admittances. Spotify also properly objected to the Discovery Requests due to the absence of an appropriate Protective Order in this action. Many of the Discovery Requests are seeking Spotify's highly confidential information and/or trade secrets, as well as confidential information of third parties that Spotify is not authorized to disclose in the absence of a protective order.

More fundamentally, Spotify believes that pursuing discovery (and litigating disputes over discovery) is premature at this stage given the pending Motion to Dismiss. As such, we plan to file a motion to stay discovery. As outlined below, we believe requesting a stay is appropriate in this case. In particular, the Fifth Circuit and Federal Circuit have each approved the stay of cases pending resolution of a motion to dismiss. *See, e.g.*, *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved." (citing 8 Charles Alan Wright & Richard L. Marcus, *Federal Practice & Procedure* § 2040, at 521 (2d ed. 1994))). As courts have noted, "the disposition of a motion to dismiss 'might preclude the need for discovery altogether thus saving time and expense.'" *Von Drake v. Nat'l Broad. Co.*, No. 3-04-CV-0652-R, 2004 U.S. Dist. LEXIS 25090, at *1 (N.D. Tex. May 20, 2004) (citation omitted).

A stay is particularly appropriate where, as here, where the motion to dismiss challenges venue. The Federal Circuit and the Fifth Circuit have long held that venue issues should be decided at the outset of a case and given top priority. *See e.g., In re Google Inc.*, No. 2015-138, 2015 WL 5294800, at *1 (Fed. Cir. July 16, 2015); *In re EMC Corp*., 501 Fed. Appx. 973, 975 (Fed. Cir. 2013); *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003). As the Federal Circuit has stated, the determination of "a proper and convenient venue [should occur] before addressing any substantive portion of the case." *In re Nintendo Co., Ltd*., 544 Fed. Appx. 934, 941 (Fed. Cir. 2013).

We would like to meet-and-confer with you to determine whether you would agree to stay discovery in this case. We would also be willing to discuss other options to address our concerns short of filing a motion for a stay, such as the parties agreeing hold-off on any further discovery and discovery disputes until after the motion to dismiss has been decided. We do not want to bother the Court with another motion at this time if the parties can simply agree to defer any further discovery and discovery disputes.

Please let us know when you are available to meet and confer on our stay motion and potential

alternative solutions.

Thanks,

Harper
**Harper Batts**
+1 650-815-2673 | direct
HBatts@sheppardmullin.com | Bio

---

**From:** Manuel Tijerino <manueltijerino@hotmail.com>
**Sent:** Thursday, April 3, 2025 1:05 AM
**To:** patrond@phelps.com; Chris Ponder <CPonder@sheppardmullin.com>; Harper Batts <HBatts@sheppardmullin.com>; lindsay.calhoun@phelps.com; mark.ackal@phelps.com; David Patron <David.Patron@phelps.com>
**Subject:** Meet-and-Confer Letter re: Discovery Responses – Tijerino v. Spotify USA Inc., Case No. 2:24-cv-02290-ILRL-DPC

Dear Counsel,

Please find attached Plaintiff's meet-and-confer letter pursuant to Fed. R. Civ. P. 37 and the Court's Scheduling Order (Doc Rec. 22), addressing Spotify's objections and responses served on April 2, 2025, to Plaintiff's Interrogatories, Requests for Production, and Requests for Admission.

As outlined in the letter, discovery is active under the Court's February 4, 2025 Scheduling Order, and both parties have exchanged initial disclosures. The letter addresses concerns regarding blanket objections and insufficient responses across all three categories of discovery.

Please note that under Fed. R. Civ. P. 36(a)(3), failure to respond to Requests for Admission within 30 days of service may result in the matters being deemed admitted by default. The letter further provides until April 10, 2025, to supplement responses to all discovery requests before Plaintiff seeks judicial intervention.

If you believe a phone conference would help resolve these issues, I am available and willing to discuss. Otherwise, please confirm in writing whether you intend to supplement the responses.

Sincerely,
Manuel Tijerino
Pro Se Plaintiff
515-803-8907
manueltijerino@hotmail.com

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.