UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MANUEL TIJERINO | * | CIVIL ACTION |
| VERSUS | * | NO. 24-2290 |
| SPOTIFY USA INC. | * | SECTION "B" (2) |

## ORDER AND REASONS

Pending before me is Plaintiff Manuel Tijerino's Motion to Compel Discovery Responses and to Deem Requests for Admission Admitted or Compel Amended Response.  ECF No. 42. Defendant Spotify USA Inc. timely filed an Opposition Memorandum, and Plaintiff timely filed a Reply.  ECF Nos. 44, 45.   Also pending before me is Plaintiff's Motion to Expedite and Motion to Correct Submission Date.  ECF No. 48, 49.  No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, to Compel Discovery Responses and to Deem Requests for Admission Admitted or Compel Amended Response is DENIED for the reasons stated herein.  Accordingly, his Motion to Expedite and Motion to Correct Submission Date are DENIED AS MOOT.

## I.    BACKGROUND

Plaintiff Manuel Tijerino asserts claims for patent infringement, 35 U.S.C. § 271, against Defendant Spotify USA, Inc., alleging Defendant infringes on his patent, U.S. Patent No. 9,146,925 (the "Patent"), for his "User-Defined Internet Jukebox," a system that allows artists to self-publish and distribute their music globally.  ECF No. 32 at 1-2.  Defendant filed a Motion to

Dismiss, which is currently pending.  ECF No. 13.[1]  The February 4, 2025, Scheduling Order sets the discovery and deposition deadline on October 21, 2025.  ECF No. 22 at 1.

On March 3, 2025, Plaintiff propounded his first set of requests for admission, interrogatories, and requests for production.  ECF No. 42-3.  On April 2, 2025, Defendant served its responses with objections.  ECF No. 42-4.  On April 3, 2025, Plaintiff served a "meet-and-confer letter," asserting Defendant did not timely and adequately respond to his requests for admission and that its objections in general are boilerplate and requesting supplemental responses to all his discovery requests by April 10, 2025.  ECF No. 42-5.  Plaintiff did not explain why any particular response was deficient nor did he attempt to schedule a conference.

On April 11, 2025, the parties appear to have attempted to confer only as to Interrogatory Nos. 1 and 2.  *See* ECF Nos. 44-2 at 5-6.  Plaintiff apparently used an artificial intelligence program during the conference to respond, causing Defendant to have difficulty understanding his position, so the parties agreed that Defendant would send a further breakdown of its objections by April 14, 2025, after which Plaintiff would provide specific responses to them.  *See* ECF No. 44-2 at 4-5 (Plaintiff's email agreeing with Defendant's summary of the April 11th conference).  However, on April 12, 2025, Plaintiff filed his Motion to Compel Discovery Responses and to Deem Requests for Admission Admitted or Compel Amended Response.  ECF No. 42.

In his motion, Plaintiff argues that Defendant's responses to his requests for admission include qualified denials and  improper objections as they are boilerplate and vague.  ECF Nos. 42 at 2; 42-2 at 2.  Likewise, he argues Defendant's responses to his requests for production and interrogatories include general and boilerplate objections.  ECFs Nos. 42 at 3; 42-2 at 5.

---

[1] On June 26, 2025, Judge Lemelle ordered Defendant's Motion to Dismiss be held open for the purpose of continued discovery regarding Defendant's uncontested Louisiana employees and set the deadline for venue discovery on August 22, 2025.  ECF No. 76.

In Opposition, Defendant argues Plaintiff's motion is procedurally deficient. ECF No. 44 at 14-15. It argues Plaintiff failed to meet-and-confer in good faith as required by Rule 37(a)(1) of the Federal Rules of Civil Procedure because Plaintiff was not prepared for the April 11, 2025, conference and only discussed Interrogatories Nos. 1 and 2, which they did not reach an impasse on either. *Id.* Defendant further argues the motion does not specifically and individually identify each discovery request in dispute and explain why Defendant's responses are deficient. *Id.* at 15. Defendant also argues the motion is meritless as to the requests for admission because, after preserving its objections, it specifically admitted or denied every request, and as to the requests for production and interrogatories because its objections are specific to each request and valid. *Id.* at 16-17. Defendant requests an award of the attorneys' fees it incurred in opposing the motion pursuant to Rule 37(a)(5)(B). *Id.* at 17-18.

In Reply, Plaintiff reiterates his argument that Defendant's objections to his requests for admission are improper. ECF No. 45 at 4. He also argues he complied with Rule 37(a)(1)'s meet-and-confer requirement and that Rule 37 does not require him to explain why boilerplate objections made to each request are deficient. *Id.* at 4-5. He argues Defendant agreed it would not be providing supplemental clarification as to the requests for admission. *Id.* at 5. Attached to the Reply, Plaintiff provides his explanations as to why each of Defendant's discovery responses are deficient. ECF No. 45-3.

## II.    APPLICABLE LAW

### A.  Scope of Discovery

Rule 26 authorizes the parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable."  FED. R. CIV. P. 26(b)(1).  Rule 26(b)(2)(C) mandates that the Court limit the frequency or extent of discovery otherwise allowed if it determines: (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery had ample opportunity to obtain the information; or (3) the proposed discovery is outside the scope of Rule 26(b)(1).[2]

The relevancy evaluation necessarily begins with an examination of the pending claims and defenses.[3]  The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage.[4]  This broader scope is necessary given the nature of litigation, where determinations of relevance for discovery purposes are made well in advance of trial.  Facts that are not considered in determining the ultimate issues may be eliminated in due course of the proceeding.[5]  At the discovery stage, relevance includes "[a]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[6]  Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking

---

[2] FED. R. CIV. P. 26(b)(2)(C)(i)–(iii).
[3] *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, No. 02-3398, 2006 WL 378523, at *4 (E.D. La. Feb. 17, 2006) (Zainey, J.).
[4] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).
[5] *Id.* at 590 n.5 (citation and quotations omitted).
[6] *Id.* 590 (citations omitted).

discovery."[7]  If relevance is in doubt, the court should be permissive in allowing discovery.[8]

## B.  Duties in Responding to Interrogatories and Requests for Production

Both Rules 33 and 34 require a party to serve responses within thirty days of service, absent court order or stipulation.[9]  A party served with written discovery must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld.[10]  For objections, the party must state how the objection "relates to the particular request being opposed, and not merely that it is overly broad and burdensome or oppressive or vexatious or not reasonably calculated to lead to the discovery of admissible evidence."[11]  Any objection must clearly state how the information sought is not relevant to any claim or defense, or how the request is overbroad, burdensome or oppressive.[12]

"Discovery by interrogatory requires candor in responding. . . . The candor required is a candid statement of the information sought or of the fact that objection is made to furnishing the information."[13]  Although a party responding to interrogatories is not required to make an extensive investigation in responding to an interrogatory, it must review all sources of responsive

---

[7] *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *2 (E.D. La. Nov. 21, 2017) (citing *Merrill v. Waffle House, Inc*., 227 F.R.D. 467, 470 (N.D. Tex. 2005)).

[8] *E.E.O.C. v. Simply Storage Mgmt., L.L.C*., 270 F.R.D. 430, 433 (S.D. Ind. 2010) (quoting *Truswal Sys. Corp. v. Hydro–Air Eng'g, Inc*., 813 F.2d 1207, 1212 (Fed. Cir. 1987) (internal quotations omitted)).

[9] FED. R. CIV. P. 33(b)(2), 34(b)(2)(A).

[10] *Lopez v. Don Herring Ltd*., 327 F.R.D. 567, 580 (N.D. Tex. 2018) (citation omitted).

[11] *Cheshire v. Air Methods Corp*., No. 15-933, 2015 WL 7736649, at *2 (W.D. La. Nov. 30, 2015) (internal quotations and citations omitted).

[12] *Chevron Midstream Pipelines LLC v. Settoon Towing, LLC*, Nos. 13-2809, 13-3197, 2015 WL 269051, at *3 (E.D. La. Jan. 20, 2015) (noting objections are boilerplate and insufficient if they merely state "the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond." (citation omitted)).

[13] *Dollar v. Long Mfg., N.C., Inc*., 561 F.2d 613, 616 (5th Cir. 1977).

information reasonably available and provide the responsive, relevant facts reasonably available.[14] The fact that an interrogatory calls for a thorough response—one that will take time and effort to answer—does not make it improper.[15] Where an interrogatory answer "'as a whole discloses a conscientious endeavor to understand the question and to answer fully that question,' a party's obligation under Rule 33 is satisfied."[16]

Likewise, a party must provide full and complete responses to requests for production within thirty days after being served same unless otherwise stipulated or ordered.[17] For each request, the respondent must either state that the inspection or production will be permitted or state with specificity the grounds for objection, including the reasons.[18] All responses must clearly state whether any responsive materials are being withheld and the specific basis for objecting and not producing same.[19] The production must occur "no later than the time for inspection specified in the request or another reasonable time specified in the response."[20]

### C. **Requests for Admission**

Requests for admission are not principally discovery devices and are not a substitute for the discovery process used to uncover evidence.[21] "In form and substance a Rule 36 admission is

---

[14] *Lopez*, 327 F.R.D. at 579 (citing 8B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2174 (3d ed. 2013)).

[15] *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016) (citing *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 307–08 (5th Cir. 1973)).

[16] *Id.* (brackets omitted) (quoting *Meltzer/Austin Rest. Corp. v. Benihana Nat'l Corp.*, No. 11–542, 2013 WL 2607589, at *3 (W.D. Tex. June 10, 2013) (quoting 8B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2177 (3d ed. 2013))).

[17] FED. R. CIV. P. 34(b)(2)(A).

[18] *Id.* 34(b)(2)(B).

[19] *Id.*

[20] FED. R. CIV. P. 34(b)(2)(b). A party has "control" over documents or materials that it has the legal right or practical ability to obtain even though it has no copy and even if the documents are owned or possessed by a nonparty. *Becnel v. Salas*, No. 17-17965, 2018 WL 691649, at *3 (E.D. La. Feb. 2, 2018) (citations omitted); *Est. of Monroe v. Bottle Rock Power Corp.*, No. 03-2682, 2004 WL 737463, at *10 (E.D. La. Apr. 2, 2004) (citation omitted).

[21] *In re Katrina Canal Breaches*, No. 05-4182, 2007 WL 1852184, at *2 (E.D. La. June 27, 2007) (citations omitted).

comparable to an admission in pleadings or a stipulation drafted by counsel for use at trial, rather than to an evidentiary admission of a party."[22]  Requests for admission allow litigants to winnow down issues before trial and focus their energy and resources on disputed matters.[23]  Although Rule 36 requests for admission differ procedurally from interrogatories, the standards for discoverability of the information sought (e.g., relevance and proportionality) remain the same.

Rule 36 authorizes a party to request another party "to admit, for purposes the pending action only, the truth of any matters within the scope of Rule 26(b)(1)" relating to facts, application of law to facts, or opinions about either.  Fed. R. Civ. P. 36(a)(1)(A).  The Fifth Circuit has explained that Rule 36 allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact.[24]  Requests for admission are properly used for facts or facts as applied to law, but not for pure legal conclusions.[25]  A legal-related request for admission must connect the relevant legal proposition to specific facts and circumstances of the case.[26]

Rule 36 instructs litigants how to answer and object to requests for admission:

If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

---

[22] *Am. Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991).

[23] *In re Katrina Canal Breaches*, 2007 WL 1852184, at *1 (quoting *In re Carney*, 258 F.3d 415,419 (5th Cir. 2001)).

[24] *In re Carney*, 258 F.3d at 419 (citations omitted).

[25] *In re Katrina Canal Breaches*, 2007 WL 1852184, at *1 (quoting *Warnecke v. Scott*, 79 F. App'x 5, 6 (5th Cir. 2003) (citing *In re Carney*, 258 F.3d at 418; 8A Wright, Miller & Cane, Federal Practice and Procedure § 2255 & n.8 (2003) (collecting cases)).

[26] *See* Fed. R. Civ. P. 36(a) advisory committee's notes to 1970 amendment ("The amended provision does not authorize requests for admissions of law unrelated to the facts of the case."); *see also Thompson v. Beasley*, 309 F.R.D. 236, 241 (N.D. Miss. 2015).

> The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.

FED. R. CIV. P. 36(a)(4)-(5).

Rule 37 does not provide for a motion to compel answers to Rule 36 nor does it contemplate a motion to deem requests admitted.[27] Instead, the requesting party may file a motion to determine the sufficiency of an answer or objection to its requests for admission. FED. R. CIV. P. 36(a)(6). Unless the court finds an objection justified, it must order that an answer be served, and if the court finds that an answer is noncompliant with the Federal Rules, it may order that the matter is admitted or direct the party to serve an amended answer. *Id.*

### D. Objections Must be Stated with Specificity

A party served with written discovery must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld.[28] The party objecting must state how the objection "relates to the particular request being opposed, and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not reasonably calculated to lead to the discovery of admissible evidence.'"[29] Any objection must clearly state how the information sought is not relevant to any claim or defense, or how the request is overbroad, burdensome or oppressive.[30]

---

[27] *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 416 (N.D. Tex. 2021).
[28] *Lopez*, 327 F.R.D. at 580 (citation omitted).
[29] *Cheshire*, 2015 WL 7736649, at *2 (quoting *Reyes v. Red Gold, Inc.*, No. 05-191, 2006 WL 2729412 (S.D. Tex. Sept. 25, 2006)).
[30] *Chevron*, 2015 WL 269051, at *3 (noting objections are boilerplate and insufficient if they merely state "the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond.") (citation omitted).

When a party objects to a request for production, the "objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C).[31] Objections interposed without also indicating whether any document or information is being withheld are improper.[32]

Courts throughout the country have long interpreted the federal rules to prohibit general, boilerplate objections.[33]  Boilerplate objections use standardized, ready-made or all-purpose language without regard to the particular discovery request.[34]  General objections refer to objections that a party responding to discovery asserts as applicable to multiple individual requests set forth in a given set of discovery requests.[35]  A general objection untethered to specific requests (and is thus also a boilerplate objection) is improper.[36]  Merely copying and pasting an objection by itself, however, does not render an objection a boilerplate objection.[37]  Likewise, in some instances, general objections may serve as an efficient response whereby the court may consider

---

[31] *accord. Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex.), *objections overruled sub nom. Orchestratehr, Inc. v. Trombetta*, No. 13-2110, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016).

[32] *See Chevron*, 2015 WL 269051 at *4 (holding that objections fall woefully short of objecting party's burden when party objected to documents and information protected by privilege but did not describe whether any documents were withheld or the nature of withheld documents).

[33] *See, e.g., id.* at *3 (noting that an objection is boilerplate and insufficient "when it merely states the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond.") (citation omitted); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485–86 (5th Cir. 1990) (simply objecting to requests as "overly broad, burdensome, oppressive and irrelevant," without showing "specifically how . . . each [request] is not relevant or how each question is overly broad, burdensome or oppressive" is inadequate to "voice a successful objection.").

[34] *See Tim Long Plumbing, Inc. v. Kinsale Ins. Co.*, No. 20-42, 2020 WL 6559869, at *3 (E.D. Tex. Nov. 9, 2020) (providing examples for boiler plate language, such as "Defendant objects to this Request, as it is overly broad and vague" and "Defendant objects to this Request to the extent it seeks discovery of information that is irrelevant and not proportional to the needs of the case.").  Objections are deemed "boilerplate" when they are identical and not tailored to the specific discovery request.  *Amazing Ins., Inc. v. DiManno*, No. 19-1349, 2020 WL 5440050, at *5 (E.D. Cal. Sept. 10, 2020) (citation omitted).

[35] *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 134 n.16 (3d Cir. 2009).

[36] *See DL v. Dist. of Columbia*, 251 F.R.D. 38, 43 (D.D.C. 2008) (citation omitted) ("When faced with general objections, the applicability of which to specific document requests is not explained further, this Court will not raise objections for the responding party, but instead will overrule the responding party's objections on those grounds." (internal quotations omitted)).

[37] *Tim Long Plumbing*, 2020 WL 6559869, at *4.

and rule upon general objections raised against sets of interrogatories or requests for production.[38]
To serve this purpose and to comply with the Federal Rules of Civil Procedure, however, the
general objections must raise specific objections and correspond to specific discovery requests.[39]
Where a general objection is connected both to the facts of the case and specific discovery requests,
they are proper; when they are disconnected from either the facts or the discovery requests, they
are improper.[40]

## III.    <u>ANALYSIS</u>

Initially, because Plaintiff is appearing *pro se* and because Rule 36 does not contemplate a
motion to deem requests admitted, the Court liberally construes his motion as both a motion to
compel discovery responses to his interrogatories and requests for production and a motion to
determine the sufficiency of Defendant's answers and denials to his requests for admissions.[41]
Nonetheless, while *pro se* filings are construed liberally, a *pro se* litigant like Plaintiff must still
"abide by the rules that govern the federal courts," including the Federal Rules of Civil
Procedure.[42]

---

[38] *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 304 (D. Kan. 1996) (citations omitted).

[39] *Dickey v. Apache Indus. Servs., Inc.*, No. 18-572, 2019 WL 4261117, at *3 (M.D. La. Sept. 9, 2019) (collecting cases); *see Hall v. Louisiana*, No. 12-657, 2014 WL 2560579, at *1 (M.D. La. June 6, 2014) ("Defendants initially gave general objections applicable to all of Plaintiff's discovery requests.  But critically, after providing their general objections, Defendants addressed each and every discovery request individually, making specific objections before providing detailed and informative responses, notwithstanding those objections.").

[40] Likewise, the practice of responding to discovery requests "subject to" and/or "without waiving" objections is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure. *Heller v. City of Dall.*, 303 F.R.D. 466, 486–87 (N.D. Tex. 2014) (citations omitted).  Such an objection paired with a response "preserves nothing and serves only to waste the time and resources of both the Parties and the Court."  *Id.* at 487 (citation omitted).  To the extent any response or production is done "subject to" or "without waiving" objections other than privilege or work product, such objections are waived.  *Id*. at 488.

[41] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))).

[42] *Lassere v. S. Cent. Planning & Dev. Comm'n*, No. 24-1641 (E.D. La. Oct. 3, 2024) (Ashe, J.) (quoting *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014); and citing *Jones v. FJC Sec. Servs., Inc.*, 612 F. App'x 201, 203 (5th Cir. 2015) ("Nonetheless, we expect litigants to meet court deadlines and observe the rules of civil procedure.")).

Rule 37(a)(1) authorizes the filing of a Motion to Compel Discovery and provides, in pertinent part: "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Contrary to Plaintiff's suggestion, Rule 36(a)(6) motions are subject to this requirement.[43]  "Conference requirements encourage resolving discovery disputes without judicial involvement. Failure to confer or attempt to confer may result in unnecessary motions. When the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better utilize elsewhere."[44]

To ensure compliance with Rule 37(a)(1), this Court expressly requires the parties to provide detailed information in the required Rule 37 certification, specifying:

> (1) how the required conference was scheduled,
> (2) who participated in the conference,
> (3) the date and time of the conference,
> (4) whether the conference was conducted by phone or in person,
> (5) the duration of the conference,
> (6) the specific topics that were addressed at the conference, and
> (7) whether any issues were resolved by the parties, and, if so, the terms of the resolution.[45]

These instructions further direct that the "meet and confer [must be] either in person or by telephone, not simply via email exchange."[46]  The conference requirements are no "empty

---

[43] *See Williams v. City of Rochester*, No. 13-6152, 2018 WL 739097, at *1 (citing *Beasley v. State Farm Mut. Auto. Ins. Co.*, No. 13-1106, 2014 WL 1268709, *3 (W.D. Wash. Mar. 25 2014) ("[l ]ike other motions to compel, [a motion to determine the sufficiency of answers] is also subject to the requirements that the moving party attempt first to confer with the other side to avoid the need for a hearing") (quoting 8B C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2263 (3d ed. 2012)); *City of Rome v. Hotels.com L.P.*, No. 05-249, 2012 WL 13020827, *10 (N.D. Ga. May 8, 2012) ("[t]he [c]ourt finds that the good faith conference requirement indeed applies to a motion to determine the sufficiency of responses under Rule 36"); *Fazal v. Advanced Tabco*, No. 09-1116, 2010 WL 4363376, *3 (E.D. Wis. Oct. 22, 2010) ("a motion to determine the sufficiency of answers under Rule 36(a)(6) appears to fall within Rule 37(a)(1)'s general application to motions for orders 'compelling disclosure or discovery'")).

[44] *Brown v. Bridges*, No. 12-4947, 2015 WL 11121361, at *3 (N.D. Tex. Jan. 30, 2015) (internal quotations and citations omitted).

[45] *Motions & Oral Argument, The Honorable Donna Phillips Currault*, UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA, http://www.laed.uscourts.gov/judges-information/judge-honorable-donna-phillips-currault (last visited November 16, 2022).

[46] *Id.*

formality."[47]  The failure to engage in the required meet and confer before filing a motion to compel

constitutes sufficient reason in itself to deny the motion.[48]  Indeed, courts routinely deny discovery

motions for failure to comply with Rule 37(a)(1).[49]

     Plaintiff provides a Rule 37(a)(1) certification.  ECF No. 42-8.  However, based on

Defendant's summary of the conference and Plaintiff's agreement with same, Plaintiff did not

confer in good faith as he was not prepared for the conference, choosing to outsource his positions

to artificial intelligence.  *See* ECF No. 44-2 at 4-5.  Further, it violates the spirit of Rule 37 to agree

to continue to try to resolve the discovery disputes after an initial conference and then immediately

file a motion the next day, as Plaintiff did.  Even if Plaintiff had conferred in good faith, the

conference only briefly addressed Interrogatories Nos. 1 and 2.  The failure to engage in a fulsome

meet and confer on *each* disputed response, including the requests for admission, prior to filing

the discovery motion constitutes sufficient reason in itself to deny the motion.[50]

     Courts have found technical compliance with Rule 37(a)(1) can be overridden when the

circumstances warrant, such as the futility of a conference or the discovery's potential impact on

pending deadlines.[51]  Plaintiff's agreement to provide specific responses to Defendant's objections

---

[47] *Riverbend Env't Servs., LLC v. Crum & Forster Specialty Ins. Co.*, No. 22-31, 2023 WL 2563228, *3 (S.D. Miss. Mar. 17, 2023).

[48] *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014) (citations omitted); *see also McAllister v. McDermott, Inc., No.* 18-361, 2019 WL 6065704, at *2 (M.D. La. Nov. 15, 2019) (citing *Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633 (M.D. La. July 2, 2014) (denying motion to compel where defense counsel made a single attempt by email to meet and confer and did not do so in a good faith effort to resolve the dispute without court intervention)).

[49] *See, e.g.*, *Greer v. Bramhall*, 77 F. App'x 254, 255 (5th Cir. 2003) (finding the district court did not abuse its discretion in denying motion to compel for failing to follow Rule 37); *D.H. Griffin Wrecking Co. v. 1031 Canal Dev., L.L.C.*, No. 20-1051, 2020 WL 8265341, at *3 (E.D. La. Apr. 16, 2020) (citations omitted).

[50] *Shaw Grp.*, 2014 WL 4373197, at *3 (stating the Rule 37 certification is a prerequisite); *see also Greer*, 77 F. App'x at 255 (5th Cir. 2003) (finding the district court did not abuse its discretion in denying motion to compel for failing to follow Rule 37); *D.H. Griffin Wrecking Co.*, 2020 WL 8265341, at *3 (citing cases).

[51] *Robinson v. LA Dock Co.*, No. 99-1996, 2000 WL 1059860, at *2-3 (E.D. La. Aug. 1, 2000) (indicating that failure to hold an initial conference did not warrant dismissal of the motion where non-movant objected to three specific interrogatories for which a blanket work-product privilege and other vague, boilerplate language had been asserted, and circumstances indicated that a Rule 37 conference would have been futile; *Holmes v. Reddoch*, No. 19-12749, 2020 WL 5749157, at *3 (E.D. La. Sept. 25, 2020) ("[I]n circumstances where the discovery may impact pending deadlines, the failure to certify has been sacrificed to achieve pragmatic ends such as 'judicial

so that the parties have a better understanding of the disputes, as well as Plaintiff's further clarifications following the April 11, 2025, conference, indicates non-futility.  *See* ECF No. 44-2 at 4-5.  Further, the parties have approximately 1.5 months to seek discovery on the venue issue, with at least four months under the general discovery deadline.  Thus, there is ample time to conduct discovery.

Moreover, setting aside the Rule 37 certification issue, Plaintiff's motion to compel is still deficient.  A proper Rule 37(a) motion requires the moving party to specifically identify each discovery request in dispute and the nature and basis of each dispute, ask the Court for specific relief as to each request, and include a concise discussion of the facts and authority that support the motion as to each discovery request in dispute.[52]  Plaintiff fails to meet these three requirements, opting rather to make "generalized grievance[s]" of impropriety regarding Defendants objections.[53]  The Court will not independently review Defendant's objections to Plaintiff's twenty-eight requests for production and interrogatories in their entirety to ferret out which, if any, responses are inadequate[54] or otherwise speculate as to Plaintiff's arguments.[55]

Plaintiff's attempt to satisfy his obligation by attaching specific allegations of deficiencies to his Reply Memorandum is patently improper.  "[A]rguments cannot be raised for the first time in a reply brief."[56]  It is completely unfair to withhold these allegations until a reply, leaving

---

expediency.'" (quoting *J.M. Smith Corp. v. Ciolino Pharmacy Wholesale Distribs.*, No. 10-1483, 2012 WL 13001456, at *2 (E.D. La. Dec. 28, 2012))).

[52] *Holmes*, 2020 WL 5749157, at *4 (quoting *Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 594 (N.D. Tex. 2017); and citing *McGinley v. Luv N' Care, Ltd.*, No. 17-0821, 2018 WL 9814589, at *7 (W.D. La. Sept. 10, 2018)).

[53] *Id.*

[54] *QuarterNorth Energy, LLC v. Crescent Midstream, LLC*, No. 22-1211, 2023 WL 11891920, at *3 (E.D. La. Aug. 11, 2023).

[55] *Bishop v. May & Young Hotel, L.L.C.*, No. 10-124, 2011 WL 4436750, at *1-2 (M.D. La. Sept. 8, 2011).

[56] *Little Tchefuncte River Ass'n v. Artesian Util. Co.*, 155 F. Supp. 3d 637, 657 (E.D. La. 2015) (Brown, J.) (quoting *Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326, 329 (5th Cir. 2008)); *see also Magnolia Island Plantation, L.L.C. v. Whittington*, 29 F.4th 246, 251-52 (5th Cir. 2022) ("As a general matter, a district court is not required to address new legal issues raised only in a reply brief.") (citations omitted); *J.I. ex rel. Interiano v. Jefferson Par. Sch. Bd.*, No. 23-1532, 2023 WL 8563034, at *6 n.5 (E.D. La. Dec. 11, 2023) (Guidry, J.) (quoting *Iteld, Bernstein & Assocs.,*

13

Defendant without an opportunity to respond.[57]  Therefore, Plaintiff's motions will be denied without prejudice.   Plaintiff may re-file a sufficient Rule 37 and/or Rule 36(a)(6) motion *after* he has in *good faith* conferred or attempted to confer with the Defendant regarding each of its responses in dispute.

**IV.**    **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Compel Discovery Responses and to Deem Requests for Admission Admitted or Compel Amended Response (ECF No. 42) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED Plaintiff's Motion to Expedite (ECF No. 48) and Motion to Correct Submission Date (ECF No. 49) are DENIED AS MOOT.

New Orleans, Louisiana, this _____ 7th day of July, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

*LLC v. Hanover Ins. Grp.*, No. 06-3418, 2009 WL 2496552, at *4 (E.D. La. Aug. 12, 2009) (Vance, J.) (citing *United States v. Jackson,* 426 F.3d 301, 304 n.2 (5th. Cir. 2005)); and citing *Weems v. Hodnett*, No. 10-1452, 2011 WL 2731263, at *1 (W.D. La. July 13, 2011)).
[57] *Weems*, 2011 WL 2731263, at *1.