**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MANUEL TIJERINO,** | **Civil Action No.** |
| **Plaintiff,** | **2:24-cv-02290-ILRL-DPC** |
| **v.** | **SECTION "B" (3)** |
| **SPOTIFY USA INC.,** | **Judge Ivan L.R. Lemelle** |
| **Defendant.** | **Magistrate Judge Donna Phillips Currault** |

<u>**SPOTIFY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO QUASH PLAINTIFF'S RULE 30(b)(6) DEPOSITION NOTICE AND FOR A PROTECTIVE ORDER**</u>

Defendant Spotify USA Inc. ("Spotify") respectfully submits this memorandum in support of its motion to quash the Rule 30(b)(6) deposition notice served by Plaintiff Manuel Tijerino on July 21, 2025 and for a protective order resetting the deposition to August 15, 2025, and limiting its scope to the topics authorized by this Court's June 25, 2025 order (the "Order"). *See* Rec. Doc. 76. Given Plaintiff's ongoing disregard for this Court's directives and the resulting unnecessary expense forced upon Spotify, Spotify requests an award of its reasonable fees and costs incurred in connection with this motion. Spotify concurrently seeks expedited consideration of this motion.

I.      <u>**RELEVANT BACKGROUND**</u>

On June 24, 2025, this Court held oral arguments where the parties discussed whether the Eastern District of Louisiana was the proper venue for the instant matter. Rec. Doc. 75. That hearing resulted in an Order from this Court in which Tijerino was ordered to "give notice for deposition on the venue matter pursuant to the Federal Rules of Civil Procedure [30 or 31]," allowing Tijerino limited venue discovery by either 1) oral depositions or 2) written depositions.

Rec. Doc. 76. The Court ordered the deposition to be limited in scope, relative to the conditions of employment for Spotify's Louisiana employees. *Id.*

Instead of serving a deposition notice pursuant to Rule 30 or 31, Mr. Tijerino improperly served twenty-five additional requests for admission on June 25, 2025. Rec. Doc. 77-1; Rec. Doc. 83 at 2. Plaintiff then filed a "combined motion to enforce DKT. 76, object to DKT. 79, and deem requests for admission admitted under Rule 36(a)(3)" on July 16, 2025. Rec. Doc. 80. The Court denied Plaintiff's motion and explained to him that his Request for Admission were improper. Rec. Doc. 83.

On July 21, 2025, at 4:14 p.m., while Spotify was preparing its response to Mr. Tijerino's "combined" motions, Tijerino served a Rule 30(b)(6) notice unilaterally scheduling Spotify's corporate deposition for July 30, 2025—only six business days later—to be held via video conference.[1] Despite the Court's preference for an in-person deposition,[2] Spotify's counsel agreed to accommodate Plaintiff's request for a virtual deposition.[3]

However, Spotify's counsel could not agree to the date requested by Plaintiff because it provides insufficient time for Spotify to prepare a corporate designee to testify on the relevant 30(b)(6) topics and because Spotify's lead counsel is unavailable on July 30. Spotify's ability to prepare its designee has further been frustrated by the need to respond to Tijerino's numerous discovery requests that exceeded the Court's Order and meritless motion to deem requests for admission admitted. Spotify therefore informed Tijerino that it would be unavailable for his requested date and proposed an alternative date of August 15.[4] *See* Rec. Doc. 83.

---

[1] *See* Exhibit A, Plaintiff's Email to Spotify Counsel Transmitting Notice of Deposition.
[2] *See* Exhibit B, 6/24/25 Hearing Transcript, at p. 53:1-7.
[3] *See* Exhibit C, Spotify's Response and Follow-up Emails to Plaintiff.
[4] *Id.*

Additionally, Spotify responded with written objections to Plaintiff's notice as it contained a litany of deposition topics well beyond the scope of this Court's Order. Despite the Court's explicit limitation that venue discovery be confined to "the conditions of employment for Spotify's Louisiana employees" and "whether that employment restricts them to work within this District," Plaintiff's Rule 30(b)(6) notice sets forth fourteen deposition topics that sweep far beyond this narrow scope. *See* Rec. Doc. 76. Plaintiff's topics seek testimony regarding internal HR platforms, onboarding policies, business strategies, and various redacted documents, among others—subjects that are irrelevant to the single venue issue expressly reserved for discovery. Spotify accordingly objected to each such topic as outside the scope authorized by this Court.

Tijerino rejected Spotify's alternative deposition dates and demanded the deposition move forward on July 30 because transcripts would not be available in time "for post-deposition briefing or meaningful Court review."[5] Spotify's counsel responded proposing yet another alternative date, August 14. After receiving no response, Spotify's counsel again wrote to Plaintiff, this time proposing three alternative dates (August 13, 14, or 15), noting the Court's decision that there will be no "post deposition briefing,"[6] and assuring Plaintiff that the deposition transcript would be available in time to meet the Court's deadline.[7] On July 29 at 4:28 PM, Plaintiff responded that he will not accommodate any other dates for the deposition.[8] At 5:45 PM, Spotify's counsel explained that Mr. Tijerino's unilateral demand would result in unnecessarily burdening the Court with the present motion.[9]

---

[5] *Id.*
[6] *See* Exhibit B, 6/24/25 Hearing Transcript, at p. 63.
[7] *See* Exhibit C, Spotify's Response and Follow-up Emails to Plaintiff.
[8] *See* Exhibit D, Tijerino's July 29 Email and Spotify Counsel's Response.
[9] *See id.*

PD.50324790.3

In light of the unreasonable notice and Plaintiff's disregard for the Court's Order restricting the scope of permissible inquiry, the relief requested herein is warranted.

## II.     LAW AND ARGUMENT

### A.     Legal Standard

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). But discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(c). In assessing whether the burden of the discovery outweighs the benefit, a court must account for: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.* Accordingly, the court may quash a deposition notice or subpoena under its general power to limit discovery. *See* Fed. R. Civ. P. 26(b)(2), (c); *see also Gulf Prod. Co. v. Hoover Oilfield Supply, Inc.*, No. CIV.A. 08-5016, 2011 WL 891027 (E.D. La. Mar. 11, 2011).

### B.     Plaintiff's Demand for a July 30 Deposition is Unreasonable and Prejudicial

Tijerino's Rule 30(b)(6) notice is unreasonable. Federal Rule of Civil Procedure 30(b)(1) requires "reasonable written notice" to parties before a deposition. *See* Fed. R. Civ. P. 30(b)(1). "While Rule 30(b)(1) does not define 'reasonable written notice,' courts within the Fifth Circuit

have held that at least ten days is normally required." *Duhaly v. Cincinnati Ins. Co.*, 2019 WL 3202307, at *1 (S.D. Tex. July 16, 2019); *see, e.g., Keybank Nat'l Ass'n v. Perkins Rowe Assocs., LLC*, No. 09-cv-497, 2010 WL 1252328, at *3 (M.D. La. Mar. 24, 2010) (notices "served on February 8 for depositions to be taken on February 11-15" were not reasonable notice); *Tradewinds Envtl. Restoration, Inc. v. St. Tammany Park, LLC*, No. 06-cv-593, 2008 WL 449972, at *2 (E.D. La. Feb 14, 2008) (the court previously held that four business days is not "reasonable written notice" (citing *Auto Club Family Ins. v. Provosty*, No. 05-cv-6482, 2006 WL 2568054, at *2 (E.D. La. Sept. 5, 2006))); *see also Richardson v. BNSF Ry. Co.*, No. 13-cv-5415, 2014 WL 5317866, at *1 (E.D. La. Oct. 16, 2014) ("Although the reasonableness of a particular deposition notice is evaluated according to its particular circumstances, the Federal Rules of Civil Procedure indicate that anything less than 14 days will be deemed 'short notice.'").

This is particularly true in the context of a 30(b)(6) deposition, where the designee must be educated on multiple subjects in a complex, multi-jurisdictional business. Spotify must identify a knowledgeable employee to serve as a witness, arrange consultations with several other employees in different business units, gather and review underlying documents, and then synthesize this information to prepare for the deposition—all tasks that demand more than six business days. Moreover, Spotify's lead counsel is unavailable on preplanned summer travel the week of July 30. Spotify has nevertheless offered three alternative dates and has accommodated Tijerino's request for a remote Zoom format to avoid travel. Mr. Tijerino has not offered a single alternative date.

Tijerino's only rationale for insisting on a July 30 deposition does not withstand scrutiny. Tijerino contends that the July 30 date is necessary because transcripts would not be available in time "for post-deposition briefing or meaningful Court review." It is unclear what "post-deposition

5

briefing" Tijerino is referring to, as the Court explained that there would be no further briefing unless requested.[10] As for Court review, Spotify has confirmed with Tijerino's court reporter and informed Tijerino that an August 15 deposition leaves more than enough time to receive and submit a final transcript by the Court's August 25 deadline.

At bottom, Tijerino's insistence on a July 30 deposition serves no purpose other than to advance what has become a pattern of vexatious conduct. Spotify therefore requests that the Court reset the deposition to August 15, 2025.

### C. Plaintiff's Noticed Deposition Topics Go Well Beyond this Court's Discovery Order

Where a court limits the scope of discovery, the parties are required to ensure that all discovery requests and related inquiries remain confined to the parameters set forth in the court's order. *See e.g. Eureka Homestead Soc. v. Howard, Weil, Labouisse, Friedrichs, Inc.*, No. CIV. A. 94-0452 CC, 1995 WL 59531, at *2 (E.D. La. Feb. 14, 1995) (granting in part motion to quash 30(b)(6) notice because the notice went beyond previously imposed limits on discovery ordered by the court).

Tijerino's Rule 30(b)(6) deposition notice exceeds the scope authorized by the Court's Order. The Court made clear that discovery was limited to a narrow issue: "the conditions of employment for Spotify's Louisiana employees" and "whether that employment restricts them to work within this District." *See* Rec. Doc. 76. During the hearing, the Court repeatedly emphasized this limitation, instructing that only information concerning the requirement that Spotify employees stay in the Eastern District of Louisiana for their jobs would be discoverable.[11] Yet

---

[10] *See* Exhibit B, 6/24/25 Hearing Transcript, at p. 63.

[11] *See* Exhibit B, 6/24/25 Hearing Transcript at pp. 53:1-7, 54:24–55:1, and 59:7–23. The Court specifically warned Plaintiff what would happen if he disregarded its Order: "We're only talking about that one very fine question. So if you ask a bunch of questions that has no relationship to that matter, they're going to object to it, and I might have to sustain that objection if they are correct." *Id.* at 59:7–23.

Tijerino's noticed topics went far beyond the Court's permitted discovery—demanding testimony on the use of internal HR platforms, job duties, onboarding, business interests, independent contractors, and the redactions in unrelated documents, among other areas. Many of these topics are not only irrelevant to the venue inquiry but also invade privacy, implicate confidential business information, and generally fall outside the scope of what the Court authorized for this limited purpose.

By ignoring these plainly stated boundaries—and issuing a notice with fourteen broadly phrased topics, including catch-all and "including but not limited to" language—Plaintiff has disregarded the Court's directive that the deposition be restricted to whether Spotify requires Louisiana-based employees to remain in the district as a condition of their employment. The sweeping nature of Plaintiff's deposition notice, therefore, represents a clear overreach. *See e.g., Eureka Homestead Soc.*, 1995 WL 59531, at *2; *see also Chauvin v. United Parcel Serv., Inc.*, No. 23-cv-392, 2023 WL 4175100, at *8 (E.D. La. June 26, 2023) ("A topic that is phrased in terms of 'including but not limited to' or 'from any source' is improper and must be limited.").

Finally, the combined relief sought—quashing the current notice and issuing a scope-limiting protective order—furthers the Federal Rules' overarching goal of securing "the just, speedy, and inexpensive determination" of this action. *See* Fed. R. Civ. P. 1. Requiring Spotify to appear on July 30 under an overbroad notice would guarantee follow-on motion practice over privilege disputes, incomplete answers, and requests for additional preparation time. Resetting the deposition to August 15, 2025, and clarifying permissible subject matter now will streamline discovery, conserve judicial resources, and ensure that the eventual testimony is both comprehensive and compliant.

7

**D.    Spotify is Entitled to Fees Incurred in Filing this Motion**

Five days ago, this Court warned Tijerino that "his pro se status does not immunize him from possible sanctions for noncompliance with court orders or rules of court." *See* Rec. Doc. 83. Yet, his disregard of the Court's clear directives and his vexatious conduct continues. Tijerino has forced Spotify to expend substantial resources responding not to proper venue discovery, but to procedurally defective filings and requests that go well beyond anything authorized by the Court. It is not the purpose of the discovery process, nor within the spirit of fair adjudication, to conscript an opposing party into this cycle of litigation-by-attrition. Under these circumstances, an award of Spotify's reasonable fees and expenses is not only justified but essential to protect both the integrity of this Court's orders and the orderly administration of justice.

**III.    CONCLUSION**

For the foregoing reasons, Spotify respectfully requests that the Court grant its motion to quash Plaintiff's Rule 30(b)(6) deposition notice, enter a protective order strictly limiting the deposition to the narrow scope permitted by this Court's June 25, 2025 Order, and award Spotify its reasonable fees and expenses incurred in responding to Plaintiff's continued disregard for the Court's clear directives.


DATED: July 29, 2025

**[SIGNATURE PAGE FOLLOWS]**

Respectfully submitted,

*/s/ David L. Patrón*

David L. Patrón (La. Bar #22566)
Lindsay Calhoun (La. Bar #35070)
Mark D. Ackal (La. Bar #41470)
PHELPS DUNBAR LLP
Canal Place, 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email: david.patron@phelps.com
        lindsay.calhoun@phelps.com
        mark.ackal@phelps.com

Kyle W. Mooney (*pro hac vice)*
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Tel: (212) 468-8000
Email: kmooney@mofo.com

John S. Douglass (*pro hac vice)*
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Tel: (415) 268-7896
Email: jdouglass@mofo.com

Charles C. Provine
MORRISON & FOERSTER LLP
2100 L Street, NW Suite 900
Washington, DC 20037
Tel: (202) 778-1606
Email: cprovine@mofo.com

*Attorneys for Defendant Spotify USA Inc.*

9

10

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 29th day of July, 2025 served a copy of the foregoing on counsel for all parties to this proceeding via e-mail, and on Tijerino via certified U.S. mail and e-mail.

/s/      *David L. Patrón*

10

PD.50324790.3