1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
*****************************************************************
MANUEL TIJERINO

                                    Docket No. 24-CV-2290
                                    Section "B"
v.                                  New Orleans, Louisiana
                                    Tuesday, June 24, 2025

SPOTIFY USA, INC.
*****************************************************************


                    TRANSCRIPT OF MOTION PROCEEDINGS
            HEARD BEFORE THE HONORABLE IVAN L.R. LEMELLE
                    UNITED STATES DISTRICT JUDGE



APPEARANCES:

FOR THE PLAINTIFF:              MANUEL TIJERINO, PRO SE
                               2141 Leslie St.
                               Gretna, LA 70056


FOR THE DEFENDANT:             MORRISON & FOERSTER
                               BY:  KYLE W.K. MOONEY, ESQ.
                               250 West 55th St.
                               New York, NY 10019-9601

                               PHELPS DUNBAR
                               BY:  DAVID PATRON, ESQ.
                                    MARK ACKAL, ESQ.
                               365 Canal St., Suite 2000
                               New Orleans, LA 70130


Official Court Reporter:       Karen A. Ibos, CCR, RPR, CRR, RMR
                               500 Poydras Street, B-275
                               New Orleans, Louisiana 70130
                               (504) 589-7776



  Proceedings recorded by mechanical stenography, transcript
produced by computer.

**EXHIBIT**

**B**

THE COURT:  All right.  Here is what we're going to do because I want to make this record clear.  I am going to allow discovery, limited discovery on the venue issue on that declaration of your Spotify executive that it does not require the employee in this district to maintain a residence in this district in order to conduct Spotify's business.  That can be done by written interrogatory or it can be done by in-person depositions.

Mr. Tijerino, I am giving you the opportunity because it's your burden to prove venue.  But if I have some question, some doubt on what the facts are, and given the Circuit's directive to trial courts to give pro se plaintiffs like yourself level opportunity in connection with your pleadings, I am allowing you to conduct a deposition of their representative who gave their declaration that they do not require employees in this district to maintain a presence in this district.  Do you understand that?

MR. TIJERINO:  Yes, your Honor.

THE COURT:  Do you understand what a deposition is?

MR. TIJERINO:  It's when I ask them verbal questions, your Honor?

THE COURT:  You ask them verbal questions, they're under oath, and then the opposing counsel is present who can then ask questions after you, and just like we did here today, you would have a chance to follow-up with any rebuttal or redirect questions.

You would be the proponent for the deposition.  You would have to give them what we call a written notice of deposition,

that's under the rule, Rule 30.  You would have to have a deposition -- and it can be done either way, it can be done orally in person or even remotely, but I prefer this one to be done in person.  In fact, it should be done maybe today since everybody is here, because I don't think it would be a long deposition.

But I am going to require, though, that in connection with that deposition that whatever advertisement that's made to recruit those employees or employees in this district showing the conditions of that employment be made part of that deposition record.  So they're required to produce corroborative information to that statement that employees are not required to work in this district.

That can be the recruiting advertisements that say what the conditions of employment is, it can be an actual agreement between the employee and Spotify to show what the conditions of their employment is.  Any corroboration like that.  That should be given to you prior to the deposition.

MR. TIJERINO:  Your Honor, I do have a question.  In that case that I cited in re: *Monolithic*, like I said, there was a lot of cases that all refer back to *Cray* and every case is individually different.  The one that the defendant is citing, it's kind of making it sound like it's a warehouse kind of thing, oh, you don't have to store stuff and all that.  But there have been cases --

THE COURT:  We're not talking about storing of equipment.  We're talking about whether or not they require the employee to

work in the district.  That's a simple question.

MR. TIJERINO:  Yes, sir.

THE COURT:  And what corroboration do they have for that statement.

MR. TIJERINO:  What I was going to say, your Honor, is how is that relevant to venue because --

THE COURT:  It is very relevant to venue under *Cray* if you read *Cray* again --

MR. TIJERINO:  But only in the case that he cited.

THE COURT:  -- and also in cases interpreting *Cray*.  It is very relevant.  Even if you disagree with me that it's relevant, it is relevant.

MR. TIJERINO:  I wasn't disagreeing, I was just saying that in the case that I cited, that was just kind of like the icing on the cake, you know --

THE COURT:  There is no icing on the cake in this case, I haven't seen any, from either one of you.

I am giving you that opportunity, Mr. Tijerino.  You all can work it out, but you're the proponent on that.

How much time do you think you need to prepare for that deposition because -- well, let me first ask counsel for Spotify. How much time do you think your client needs to provide the corroborative information?

MR. MOONEY:  Well, your Honor, I was wondering whether a deposition is necessary or whether --

work in the district, exclusively within the district, or just they don't require them to work in the district.  Do you understand?

MR. TIJERINO:  Yes, sir.

THE COURT:  We're not talking about inventory, we're not talking about --

MR. TIJERINO:  I understand.

THE COURT:  We're only talking about that one very fine question.  So if you ask a bunch of questions that has no relationship to that matter, they're going to object to it, and I might have to sustain that objection if they are correct.  Do you follow me?

MR. TIJERINO:  Yes, sir.

THE COURT:  All right.  I am trying to simplify this as best as I can.

MR. TIJERINO:  Yes, your Honor.  I was just asking because when I read the declaration it was mostly about regarding --

THE COURT:  We're not talking about anything in the declaration other than --

MR. TIJERINO:  Other than --

THE COURT:  -- do they require Spotify employees to work just in this district.

MR. TIJERINO:  Okay.

THE COURT:  Because your opponent is saying that if it doesn't require that, then *Cray* controls and venue may be granted,

been completed, what is it that your Honor would like to see?

THE COURT:  I'd need to see the deposition.

MR. MOONEY:  Okay.  Would your Honor like any briefing, five or seven pages each?

THE COURT:  If I need it, you'll hear about it.

MR. MOONEY:  Excellent.

THE COURT:  Which I doubt.  On that particular kind of issue, that seems very simple.  And that will all be part of the record.

MR. MOONEY:  Okay.

THE COURT:  All right.  Gentlemen and lady, good luck.

MR. MOONEY:  Your Honor, if I may --

THE COURT:  I am taking under advisement the 12(b)(6) motion.

MR. MOONEY:  Thank you, your Honor.  One more quick issue I'd like to raise.

Currently there is a case schedule that's in place. There are two issues with that case schedule:  No. 1, is that it's moving along and we had expert reports, for example, due in a couple of months, et cetera.  I would request that we stay discovery pending resolution of venue, which is, I think the proper approach under cases you have seen, I can cite them to you.  I know that you dismissed a pending discovery stay motion --

THE COURT:  I am not doing anything on this case until I see the results of that deposition, but I am not preventing anyone